Justices SAYLOR and McCAFFERY join this Opinion in Support of Reversal.

ceral appeal, is similarly problematic, as the Motor Vehicle Code provision involving maximum speed limits mandates that "no person shall drive a vehicle at a speed in excess of" a maximum limit, 75 Pa.C.S.A. § 3362, arguably a more unqualified command than a failure to confine.

8. We acknowledge the oddity of a first violation of Section 305(a)(1) of the Dog Law being an absolute liability offense, but, despite the same language, a second violation requiring at least a showing of recklessness. Yet, as explained above, Section 305 of the Crimes Code, by its terms, mandates this result. Moreover, in light of the significant prison term for conviction of a second violation, this approach is in keeping with the legislature's

HOSPITAL & HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, Pennsylvania Medical Society and Pennsylvania Podiatric Medical Association, Respondents

v.

INSURANCE COMMISSIONER, Petitioner.

Supreme Court of Pennsylvania.

Feb. 12, 2014.

***ORDER***

PER CURIAM.

AND NOW, this 12th day of February 2014 the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** the issue set forth below. Allocatur is **DENIED** as to all remaining issues. The issue, as stated by petitioner, is:

mandate to " 'tone down' absolute or strict liability in penal law as a whole," where such application of absolute liability "cannot be readily defended where the offense carries a possible jail sentence." 18 Pa.C.S.A. § 305, official cmt.

9. Contrary to Chief Justice Castille's concern that our interpretation "effectively neuters the statute," Opinion in Support of Affirmance (Castille, J.) at 472, we are confident that the Commonwealth would not be handicapped by the requirement of proving recklessness, and would be able to meet its burden with circumstantial evidence, just as it does in numerous other areas of criminal law, and, indeed, as noted above, is required to do so under the Game and Wildlife Code. *See supra* note 7.

Did the Commonwealth Court err by concluding that 40 P.S. § 1303.712(d) requires the Commission to "spend down" any balance in the MCARE Fund in calculating annual provider assessments when the Court's opinion disregards the plain language and purpose of the statute, disregards accepted statutory construction principles and conflicts with the court's decision in *Meier v. Maleski,* 670 A.2d 755 (Pa.Cmwlth.1996), *aff'd without op.,* 549 Pa. 171, 700 A.2d 1262 (1997)?